### Alberto Flores PELAEZ; Laura Flores Robles, Petitioners,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

### No. 05–76547.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Alberto Flores Pelaez, Los Angeles, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laura Flores Robles, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Alberto Flores Pelaez and Laura Flores Robles, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen or reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *see Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), and we deny the petition for review.

To the extent petitioners sought to reopen removal proceedings, the BIA did not abuse its discretion in denying petitioners' motion, because it exceeded the one-motion limit, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners did not demonstrate a material change in circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c)(3)(ii). Petitioners' reliance on *Khourassany v. INS,* 208 F.3d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1096, 1099 & n. 2 (9th Cir.2000) is misplaced. In that case, the time and number limits for motions to reopen did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

To the extent petitioners sought reconsideration, the BIA did not abuse its discretion in denying petitioners' motion, because it was filed more than 30 days after the BIA's previous order. *See* 8 C.F.R. § 1003.2(b)(2).

**PETITION FOR REVIEW DENIED.**